IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT JOHNSON, # 07379-030, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-714-JPG |
| | ) |
| UNITED STATES of AMERICA, | ) |
| and FEDERAL BUREAU of PRISONS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff is a federal inmate currently incarcerated at the FCI-Greenville. In this *pro se* action, he seeks relief under the Federal Tort Claims Act ("FTCA") for medical neglect of his serious spinal condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court concludes that this action is subject to summary dismissal. However, Plaintiff shall be given an opportunity to comply with the Illinois state law requirements for medical malpractice actions, if he wishes to further pursue the dismissed claim.

## The Complaint

Plaintiff first sought treatment from Greenville's Health Services on February 6, 2015, for severe neck and shoulder pain and a "tingling sensation" and numbness in some fingers of his right hand. (Doc. 1, pp. 1-2). At that time, the symptoms of tingling and numb fingers had been going on for 5 months (since October 2014). Between February 19, 2015, and July 10, 2015, Plaintiff returned to Health Services 5 more times seeking treatment for the severe neck and shoulder pain, which by then included pain in his right arm and right side, and numbness in his right arm as well as fingers. (Doc. 1, p. 2). The only treatment he received during that period

was ibuprofen for pain, and orders to decrease his exercise.

On July 30, 2015, Plaintiff was given an MRI. This test disclosed that he had a herniated disc in his neck at C4-C5, with narrowing of his spinal canal. By that time, Plaintiff had been suffering pain from his condition for about 8 months. (Doc. 1, p. 3).

On January 27, 2016, Plaintiff underwent surgery to address the herniated disc. He notes that as of that date, he had been suffering extreme pain for 12 months, due to the Greenville medical staff's delay and neglect in diagnosing/treating his condition. *Id.* Plaintiff incorporates into the Complaint a number of medical notes regarding his diagnosis and efforts to obtain treatment (Doc. 1, pp. 4-8), and attaches medical records regarding his surgery and follow-up treatment (Doc. 1-2, pp. 1-4).

While he does not attach copies of any documents relating to his administrative tort claim, Plaintiff asserts that he did file such a claim in a timely manner. (Doc. 1, pp. 8-9).

Plaintiff seeks monetary relief. (Doc. 1, p. 9; Doc. 1-1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to describe the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Medical negligence claim against the United States of America under the Federal Tort Claims Act, for the actions of its employees at the FCI-Greenville, Illinois, who delayed diagnosis and treatment for Plaintiff's serious neck/spine condition.

Count 1 shall be dismissed without prejudice, but may be reinstated if Plaintiff timely

files the required affidavit and certificate(s) of merit pursuant to Illinois law.

Cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omissions constituting negligence occurred. *See* 28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978). Therefore, Illinois state law applies to Plaintiff's medical negligence claim arising from the events described in the Complaint.

Where a plaintiff sues the United States for the medical negligence or malpractice of its employees in Illinois, the applicable Illinois statute requires the plaintiff to file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a).[1] This is a substantive requirement of Illinois law. *See Hahn v. Walsh*, 762 F.3d 617, 629-33 (7th Cir. 2014) (diversity jurisdiction context), *cert. denied*, 135 S. Ct. 1419 (2015);

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

*Murphy v. United States*, Case No. 08-cv-745-JPG-DGW, 2010 WL 3310258 (S.D. Ill. Aug. 19, 2010) (FTCA context).  Failure to file the required certificate is grounds for dismissal of the claim.  *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.

In this case, Plaintiff has included a number of medical records authored by the doctors who treated him outside the prison.  However, Plaintiff has not filed the affidavit and report/certificate of merit from a qualified health professional that are required under Illinois law.  Therefore, the Court must dismiss the FTCA claim in **Count 1** against the United States.  However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days to file the required affidavit, if he desires to seek reinstatement of the claim.  The certificate of merit must also be timely filed within the requirements of 735 ILL. COMP. STAT. §5/2-622(a).  Should Plaintiff fail to timely file the required affidavit or certificate, this action shall be dismissed, and the dismissal may be **with prejudice**.  *See* FED. R. CIV. P. 41(b).

## Dismissal of Bureau of Prisons

The only proper Defendant in an FTCA claim is the United States of America.  *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994).  Therefore, the Federal Bureau of Prisons shall be dismissed as a Defendant.

## Exhaustion of Administrative Claim

Federal prisoners who bring suit against the United States under the Federal Tort Claims Act for injuries they sustain while incarcerated are required to first present the claim to the federal agency responsible for the injury.  *See* 28 U.S.C. § 2675(a); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).  Plaintiffs bringing claims under the FTCA generally show

exhaustion of the administrative claim process by filing with their complaint a copy of the "final denial of claim" letter indicating that agency review has been completed and the individual may seek relief in court.

Here, Plaintiff asserts that he has complied with the administrative exhaustion requirement, but he did not file a copy of his final denial letter. As Plaintiff must submit further documentation before his medical negligence claim may proceed, he shall also be ordered to submit a copy of his final denial of claim letter from the Bureau of Prisons.

### Pending Motion

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) shall be addressed in a separate order.

### Disposition

**COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, due to lack of compliance with 735 ILL. COMP. STAT. §5/2-622.

Defendant **FEDERAL BUREAU of PRISONS** is **DISMISSED** as a party to this action.

**IT IS FURTHER ORDERED** that Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (**on or before October 13, 2017**). In addition, Plaintiff shall timely file the required written report/certificate of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavit or report, this action shall be dismissed, and Plaintiff may be assessed a "strike" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff shall submit to the Court a copy of his "final denial of claim" letter from the Bureau of Prisons, demonstrating exhaustion of his administrative tort claim, within the 35-day deadline stated above.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 7, 2017**

*s/J. Phil Gilbert*
United States District Judge
