## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT JOHNSON, # 07379-030, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-714-JPG |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case is before the Court for consideration of Plaintiff's Response (labeled as a "First Amended Complaint") (Doc. 10) filed October 13, 2017. On September 7, 2017, this Court dismissed Plaintiff's federal tort claim (Count 1) without prejudice, because Plaintiff did not comply with the requirement under 735 ILL. COMP. STAT. §5/2-622 to provide an affidavit stating that he has consulted with a qualified health professional who has reviewed his claim, and to provide the written report of the qualified health professional confirming that the medical negligence/malpractice claim is reasonable and meritorious. (Doc. 7). Plaintiff was given until October 13, 2017, to submit his affidavit. He was further directed to provide the health professional's report/certificate of merit within the time limits set forth in § 5/2-622.

Plaintiff's paperwork filed as Doc. 10 was submitted within the Court's deadline. He did include a copy of the final denial of his administrative tort claim (dated November 23, 2016) as directed. (Doc. 10, p. 4). However, the remaining documents fail to comply with the Court's directions or with § 5/2-622. Plaintiff shall be given one more chance to comply with the provisions of Illinois law with reference to this medical malpractice/negligence claim.

1

The purpose of the § 5/2-622 mandates is to "eliminate frivolous medical malpractice lawsuits at the pleading stage," by requiring a medical malpractice case to be prescreened by a medical professional[1] before the complaint is filed. *Fox v. Gauto*, 995 N.E.2d 1026, 1030-31 (Ill. App. 2013) (citing *Walter v. Hill*, 509 N.E.2d 804, 806 (Ill. App. 1987); *Lyon v. Hasbro Industries, Inc.*, 509 N.E.2d 702, 706-07 (Ill. App. 1987)). To comply with § 5/2-622(a)(1), the plaintiff must "attach to his complaint a report from a health professional stating that the professional has reviewed the plaintiff's medical records and believes that the plaintiff has a reasonable and meritorious cause of action." *Fox*, 995 N.E.2d at 1030. The plaintiff's own affidavit must state that either he or his attorney has "discussed the case with the health professional and that there is merit to the medical malpractice claim." *Id.*

As summarized in this Court's order at Doc. 7, Sections 5/2-622(a)(2) and 5/2-622(a)(3) allow for the health professional's report/certificate of merit to be filed at a later date if the plaintiff-affiant states that the professional's report could not be obtained before the expiration of the statute of limitations, or that a delay in obtaining medical records has hindered the production of the professional's report. *See Fox*, 995 N.E.2d at 1030. The Illinois Appellate Court has instructed trial courts to liberally allow the amendment of pleadings in malpractice cases, and noted that a medical malpractice plaintiff should be afforded a "reasonable opportunity to establish his case." *Fox*, 995 N.E.2d at 1031 (quoting *Hansbrough v. Kosyak*, 490 N.E.2d 181, 188 (Ill. App. 1986)); *see also Holloway v. Chicago Heart & Vascular Consultants, Ltd.*, 81 N.E.3d 1048, 1054-55 (Ill. App. 2017).

---

[1] Section 5/2-622 specifies that the "health professional" who issues the report/certificate of merit should be a licensed physician, if the medical provider accused of malpractice in the case is a physician. In the plaintiff's affidavit, he must state that he consulted with a health professional who the plaintiff-affiant "reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case[.]" 735 ILL. COMP. STAT. 5/2-622(a).

Here, Plaintiff states in his response (Doc. 10) that he has submitted the required affidavits pursuant to this Court's order. However, he has not done so. No affidavit whatsoever is included with his documents. An affidavit is a document declaring the truth of the statements set forth in it under penalty of perjury, signed and dated by the person making the declaration. *See* 28 U.S.C. § 1746. In order to comply with § 5/2-622, Plaintiff must actually consult with a medical doctor regarding the facts of his malpractice/negligence case. Plaintiff must then state in his affidavit that the doctor concluded that Plaintiff's legal claim has merit.

Plaintiff must also submit the doctor's written report stating that in the doctor's opinion, based on medical records and any other relevant material, the malpractice/negligence claim is reasonable and meritorious. *See* 735 ILL. COMP. STAT. § 5/2-622(a). In his response, Plaintiff states that he has "provided affidavits" from Dr. David Gelber and from other qualified health professionals who treated him. (Doc. 10, p. 2). His attached documents, however, are not certificates of merit as contemplated by § 5/2-622, nor are they affidavits. Instead, they are medical records documenting medical treatment provided to Plaintiff, including an EMG/nerve conduction study on December 1, 2016, by Dr. Gelber (Doc. 10, p. 5); a surgical pathology report from Plaintiff's January 27, 2016, discectomy (Doc. 10, p. 8); and the records of Plaintiff's medical consultation of November 15, 2015, in which a discectomy was recommended based on the disc herniation at C4. (Doc. 10, pp. 9-11). None of Plaintiff's documents include any evaluation by a health professional regarding the merits of Plaintiff's medical malpractice/negligence claim against the United States. Medical records do not fulfill the requirement of § 5/2-622 to provide a reviewing doctor's report which states that the malpractice lawsuit is reasonable and meritorious. The reviewing doctor will need to consult the medical records in making his/her report, but the records alone are not enough to satisfy the law.

3

## Disposition

**COUNT 1** shall remain **DISMISSED** without prejudice at this time for failure to state a claim upon which relief may be granted, due to lack of compliance with 735 ILL. COMP. STAT. §5/2-622.

**IT IS ORDERED** that Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. §5/2-622, stating that he has consulted with a qualified health professional who has determined that Plaintiff's legal claim is reasonable and meritorious, within 35 days of the date of this order (**on or before November 22, 2017**).  In addition, Plaintiff shall timely file the required written report/certificate of merit from the qualified health professional, in compliance with §5/2-622.  Should Plaintiff fail to timely file the required affidavit or report, this action shall be dismissed, and Plaintiff may be assessed a "strike" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: October 17, 2017**

*s/J. Phil Gilbert*
United States District Judge