IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT JOHNSON, # 07379-030, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-714-JPG |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of the *pro se* Plaintiff's "Motion in Support of Compliance with 735 ILL. COMP. STAT. 5/2-622" (Doc. 16), filed March 9, 2018. On September 11, 2017, this Court had dismissed the sole count (Count 1) of Plaintiff's Complaint brought under the Federal Tort Claims Act, which alleged medical negligence, because Plaintiff failed to provide the required affidavit or certificate of merit from a qualified health professional as required by Illinois statute. (Doc. 7). Plaintiff subsequently filed a response (mislabeled[1] as a First Amended Complaint) (Doc. 10), in an attempt to comply with the statutory requirements. However, in an order dated October 17, 2017 (Doc. 11), the Court determined that Plaintiff's attempt had fallen short, and offered him another chance to provide the required documents. Plaintiff has timely filed the motion and documents at Doc. 16 as his response.

Liberally construed, Plaintiff's affidavit (Doc. 16, pp. 1-4) appears to facially satisfy the affidavit requirement set forth in 735 ILL. COMP. STAT. §5/2-622(a). For this reason, the Court

---

[1] This document (Doc. 10) is not sufficient to serve as a proper amended complaint on its own, as it contains none of the factual allegations supporting Plaintiff's tort claim. Plaintiff did, however, attach some relevant documents, including the final denial of his administrative tort claim which the Court ordered him to file. (Doc. 7).

1

shall reinstate Plaintiff's claim in Count 1, which was described as follows in the initial merits review order in this case:

> **Count 1:** Medical negligence claim against the United States of America under the Federal Tort Claims Act, for the actions of its employees at the FCI-Greenville, Illinois, who delayed diagnosis and treatment for Plaintiff's serious neck/spine condition.

(Doc. 7, p. 3).

Based on Plaintiff's allegations in the original Complaint (Doc. 1), and his efforts to comply with 735 ILL. COMP. STAT. §5/2-622(a), this claim survives review under 28 U.S.C. § 1915A. This case shall therefore be referred to a United States Magistrate Judge for further pre-trial proceedings, which shall include an evaluation of whether the documents submitted along with Plaintiff's Motion (Doc. 16) substantively satisfy the certificate of merit requirement contained in 735 ILL. COMP. STAT. §5/2-622(a).

Plaintiff's original Complaint (Doc. 1) shall continue to be the operative Complaint in this action, due to the deficiencies of his purported First Amended Complaint/Response (Doc. 10). However, the documents filed at Doc. 10, pages 4-11, shall remain as part of the record in this case, to the extent they are relevant as exhibits.

## Disposition

**IT IS ORDERED** that Plaintiff's "Motion in Support of Compliance with 735 ILL. COMP. STAT. 5/2-622" (Doc. 16) is **GRANTED** insofar as the Court has construed it as Plaintiff's affidavit pursuant to 735 ILL. COMP. STAT. §5/2-622(a), regarding his consultation with a qualified health professional. However, the Court **RESERVES RULING**, pending review by the United States Magistrate Judge, on whether the material Plaintiff submitted as exhibits to that motion (Docs. 16-1, 16-2, and 16-3) satisfies the substantive requirements for a report/certificate of merit produced by a qualified health professional as set forth in 735 ILL.

COMP. STAT. §5/2-622(a).

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, the Memorandum and Order at Doc. 7, the Motion and Exhibits at Doc. 16, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, the Memorandum and Order at Doc. 7, the Motion and Exhibits at Doc. 16, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED.**

**DATED: March 14, 2018**

s/J. Phil Gilbert
United States District Judge
